PEARSON, TILLMAN (Ret.), Associate Judge,
dissenting.
The majority has reversed the order on appeal because “the appellant should have been informed of the right to have her real estate property interest excluded for a six-month period while she undertook to dispose of her interest....” I disagree with the decision, and would hold that legal proceedings to make an applicant eligible for benefits are not within the purview of 45 CFR § 206.10(a)(2)(i) which provides:
Applicants shall be informed about the eligibility requirements and their rights and obligations under the program.
See Pond v. Dept. of Health & Rehabilitative Services, 503 So.2d 1330 (Fla. 1st DCA 1987), where the Federal Regulation at issue is more fully quoted and discussed.
Furthermore, I do not think that the Pond decision is a proper basis for the rule advanced by the majority that an applicant must be “fully informed ... about coverage, conditions of eligibility, scope of program, available related services, and the rights and responsibilities of the applicant. ...” Rather, I would follow the admonition in the Pond opinion that: “By this holding we are not directing the Department to create eligibility_” Id. at 1333.
I would affirm the order appealed.